IN THE UNITED STATES DISTRICT
COURT DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Sally Quintero Diaz as Guardian *ad Litem* for J.D. who is a minor child,<br><br>Plaintiff,<br><br>v.<br><br>Beaufort County Sheriff's Office, William P. Squires, individually, and John Does 1-5, individually,<br><br>Defendants | C/A No:   9:25-cv-13001-RMG-MHC<br><br><br>**COMPLAINT**<br>***(JURY TRIAL DEMANDED)*** |

## NATURE OF THE ACTION

This case arises from a brazen and unlawful incident involving Master Sergeant William P. Squires of the Beaufort County Sheriff's Office, who, while visibly intoxicated and abusing his authority under color of law, launched an unprovoked assault on several teenagers lawfully walking along a street in Hilton Head Island, South Carolina. Squires deliberately enlisted neighborhood vigilantes to assist him, drew his service weapon, and pointed it at the unarmed teenagers, forcing them to fear for their lives. Video evidence captures the teenagers being held at gunpoint, physically assaulted, violently thrown to the ground, and unlawfully detained without any legal basis. This shocking abuse of power represents a blatant violation of the victims' constitutional rights and demonstrates an egregious disregard for the law and public safety.

## THE PARTIES

1. Plaintiff, Sally Quintero Diaz, as Guardian *ad Litem* for J.D., who is a minor child

(the "Parent"), is the mother of J.D. ("Plaintiff"), who is a minor child. Plaintiff is a resident and citizen of the State of South Carolina.

2. Defendant Beaufort County Sheriff's Office ("BCSO") is public agency operating in Beaufort County, South Carolina. At all times relevant herein, BCSO operated as the employer-in-fact of Defendant William P. Squires.

3. Defendant BCSO is responsible for law enforcement in Beaufort County, South Carolina. It is also responsible for ensuring that the individuals supervising and administering these programs knew, understood and followed the laws and policies governing the treatment of citizens including, and most importantly, children. Defendant BCSO is and was responsible for the training, discipline and supervision of the Sheriff's deputies. Accordingly, Defendant BCSO is liable for the conduct of William P. Squires as described more fully herein via the doctrine of *respondeat superior*, by statute and/or other legal avenues.

4. Upon information and belief, Defendant William P. Squires ("Squires") is an individual and resident of Beaufort County, South Carolina. At all material times herein, Squires was acting under color of state law as Master Sargeant with the Beaufort County Sheriff's Office and all acts and omissions were done in the course and scope of this employment with the Beaufort County Sheriff's Office and Squires is named as an individual Defendant under 42 U.S.C. § 1983, 42 U.S.C. § 1988 and the Fourteenth Amendment to the United States Constitution. Upon information and belief, Defendant Squires is a resident of Beaufort County, South Carolina

5. John Does 1-5 are Defendants whose identities are currently unknown. These individual Defendants are named under 42 U.S.C. § 1983, 42 U.S.C. § 1988 and the Fourteenth Amendment to the United States Constitution. Upon information and belief, John Does 1-5 are

residents and citizens of Beaufort County, South Carolina.

## JURISDICTION

6. Jurisdiction is founded on the issue of federal question jurisdiction pursuant to 28 USC §1331 as the primary cause of action in this matter stems from a violation of 42 USC § 1983. The District Court of South Carolina, pursuant to 28 USC § 1367, possesses supplemental jurisdiction over all other claims not resting upon federal law as such claims arise from the same case or controversy under Article III of the United States Constitution.

7. Jurisdiction is also proper under 28 U.S.C. § 1343(A)(3), which provides that district courts have original jurisdiction over claims "[t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States."

8. Venue is properly within this District and Division under 28 USC §1391 (a)(2), (b)(2) and the Local Rules of the South Carolina District Court as the events which give rise to this litigation occurred in Beaufort County, South Carolina and the natural Defendants, upon information and belief, reside in Beaufort County, South Carolina.

## STATEMENT OF FACTS

9. Plaintiff reiterates and realleges the preceding paragraphs as if fully set forth herein.

10. At all times relevant to the events of September 28, 2025, described below and involving the Plaintiff, Defendant Squires was employed as a Master Sargeant with BCSO and was vested with the statutory powers of arrest.

11. On September 28, 2028, Plaintiff and his friends were lawfully walking along a street in the Squires Gate community located on Hilton Head Island, South Carolina.

12. Master Sergeant Squires, while visibly intoxicated and operating his work

vehicle, approached the boys and, without probable cause or any legal justification, verbally accosted them in an aggressive manner.

13.     Master Sergeant Squires then exited his work vehicle and identified himself as a law enforcement officer by wearing a clearly marked vest issued to him by the Beaufort County Sheriff's Office.

14.     Master Sergeant Squires aggressively grabbed one of the boys by the arm and attempted to drag him to the ground in a grossly negligent and excessive manner. When Plaintiff saw Squires physically assault his friend while brandishing a pistol, Plaintiff courageously intervened to protect his friend and stop Squires' attack.

15.     Master Sergeant Squires enlisted the assistance of John Does 1-5, who, without provocation, acted in concert with Squires and used grossly excessive physical force to restrain the boys on the roadway.

16.     After handcuffing Plaintiff, Squires berated him and falsely accused Plaintiff and the other teenagers of possessing a gun—when, in truth, Squires was the only person who had one.

17.     Squires' use of physical force, handcuffs, and commanding tone left Plaintiff with no doubt that he was under arrest and not free to leave. Throughout the encounter, Squires repeatedly threatened Plaintiff, telling him that he was "going to jail."

18.     Upon information and belief, other individuals from the neighborhood witnessed the incident and called 911. When responding officers arrived at the scene, Master Sergeant Squires provided a false statement of facts and, despite Squires' obvious intoxication, the responding officers detained Plaintiff in a police car.

19.     Upon information and belief, multiple neighborhood residents witnessed the

incident and called 911. When responding officers arrived, Master Sergeant Squires provided a false account of the events. Despite Squires' apparent intoxication, the officers proceeded to arrest Plaintiff, handcuff him, and detain him in a police vehicle.

20.     Eventually, Plaintiff was released from custody and instructed to disregard the criminal citation that had been issued to him. It was confirmed by BCSO that Plaintiff did not commit any criminal acts and that Plaintiff did nothing wrong.

21.     According to Beaufort County Sheriff P.J. Tanner, Squires was ordered to submit to a sobriety test following the incident but willfully refused. Due to this deliberate insubordination, Squires was suspended from duty, highlighting the gravity of his misconduct.

22.     Law enforcement officers may seize a suspect for a brief, investigatory *Terry* stop where (1) the officers have a reasonable suspicion that the suspect was involved in, or is about to be involved in, criminal activity, and (2) the stop is reasonably related in scope to the circumstances which justified the interference in the first place.

23.     Reasonable suspicion is the minimal standard for stopping an individual, requiring facts allowing a particularized and objective suspicion of criminal activity. A search is reasonable, and a search warrant is not required, if a search is conducted as an incident to a lawful arrest. Under this exception to the search warrant requirement, an arresting officer may search on the person arrested and the area within which that person might gain possession of a weapon or might destroy or hide evidence.

24.     Determining the unreasonableness of a seizure within the meaning of the Fourth Amendment requires balancing the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the government interests alleged to justify the intrusion.

25. Plaintiff is a teenager of relatively small stature. When Squires encountered the teenagers, Plaintiff was not acting in an aggressive manner, did not possess a weapon, was not under the influence of drugs or alcohol, and had no prior criminal record or reputation for physical aggression. No crime had been reported and Plaintiff was not actively attempting to evade arrest by flight. There is no evidence that Plaintiff posed an immediate threat to the safety of Defendants.

26. Based on the circumstances known to the Defendants, there was no reasonable suspicion that the Plaintiff had engaged in unlawful conduct or probable cause for arrest. Even assuming, arguendo, that Squires possessed some degree of reasonable suspicion—such as if the Plaintiff had provided evasive responses regarding his activities—Squires could have conducted a limited pat down search to determine whether the Plaintiff was carrying a weapon, thereby ensuring the safety of the investigation. However, the totality of the circumstances did not justify the level of forced used by Defendants. The intentional act of pointing a loaded firearm at an unarmed teenager and forcibly dragging him to the ground far exceeds the scope of a lawful safety pat down and constitutes a gross violation of constitutional protections.

27. Defendants' actions were objectively unreasonable when evaluated from the perspective of a reasonable law enforcement officer considering the scope, manner, justification and place where the incident occurred.

28. The totality of the clear evidence shows that Defendants' affirmative acts directly created or increased the risk of harm to Plaintiff in a multitude of ways.

29. On October 3, 2025, Beaufort County Sheriff, PJ Tanner, held a public press conference and stated that he was "appalled about what [he] saw" and that Squires had been permanently fired from his job as a Master Sargeant at BCSO. According to Sheriff Tanner, Squires violated the following BCSO policies:

a. Code of Conduct: Failure to obey a lawful order by refusing to submit to the [breathalyzer] test, conducting himself in an unprofessional manner that did not project and support public respect and cooperation, being under the influence of alcohol in a public place with his judgment impaired leading to actions which brough discredit and ill repute upon the Sheriff's Office, attempting or unlawfully arresting regarding a neighborhood dispute where there was no clear threat of bodily injury or death;

b. Code of Ethics: Failing to deal with the community in a manner that instills respect for law enforcement and inspires confidence and trust;

c. Off-duty firearms policy: Consuming alcoholic beverages while armed in an off-duty capacity, presenting this firearm for an unlawful purpose which was outside of the compliance with the sheriff's office use of force policy;

d. Use of Force Policy: Using force, presentation of a firearm, soft hand and hand techniques against subjects without reasonable suspicion or probable cause;

e. Arrest and detention policy: Taking [unlawful] action by attempting to arrest and detain juveniles involving a neighborhood dispute where [Squires] resides without articulable independent justification known by him at the time, failing to contact the on-duty supervisor of the call and recusing himself from the law enforcement action;

f. Communication policy: Failing to advise dispatch about the event;

g. Body worn camera policy: Failing to activate body camera on Squires' duty vest.

30.   Upon information and belief, Master Sergeant Squires' personnel file contains

previous complaints alleging his use of excessive force and mistreatment of individuals while serving as a law enforcement officer. In this regard, BCSO knew or should have known that Master Sergeant Squires was unfit for duty and posed a danger to the public.

31. As a direct and proximate result of the objectively unreasonable and grossly negligent actions of Defendants, Plaintiff suffered permanent and grievous injuries, including mental anguish, and will continue to endure such harm in the foreseeable future.

## FIRST CAUSE OF ACTION
### (42 U.S.C. §1983 – 4th Amendment – As to Defendants Squires and John Does 1-5)

32. Plaintiff reiterates and realleges the preceding paragraphs as if fully set forth herein.

33. At all relevant times herein, Defendant Squires was acting under the color or pretense of State law, customs, practices, usage, and/or policy as a law enforcement officer for BCSO and had certain duties imposed upon them with regard to Plaintiff. Additionally, during the time period in question, Squires was well-aware of the Plaintiff's constitutional rights, including his right to be free from excessive force and unlawful arrest.

34. Defendants John Does 1-5 were knowingly recruited and directed by Defendant Squires to actively participate in the unconstitutional conduct against Plaintiff, as detailed below. Acting in concert with Squires, John Does 1-5 deliberately assisted in violating Plaintiff's constitutional rights and are therefore fully liable as state actors under color of law.

35. Defendants' actions, errors, and omissions, as more fully described in the factual section of the within Complaint, constitute violations of Plaintiff's rights, privileges, and immunities, as secured by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. Said rights, privileges, and immunities include the right to bodily integrity, the right to be free from the use of excessive force, and the right to be free from unreasonable searches and seizures.

36. The actions, errors, and omissions of Defendants were done with the purpose and intent of depriving Plaintiff of his constitutional rights.

37. The actions, errors, and omissions of Defendants were done willfully, maliciously, and/or with a callous disregard and reckless indifference to and disregard of the rights, immunities, and privileges guaranteed to Plaintiff by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

38. Defendants were consciously and deliberately indifferent to the Plaintiff and acted in an egregious and arbitrary manner during the time period mentioned in the facts in the following particulars:

   a. in unlawfully and maliciously arresting and detaining the Plaintiff;

   b. in pointing a loaded firearm at Plaintiff without reasonable suspicion or probable cause and where there was no clear threat of bodily injury or death;

   c. in using excessive force on Plaintiff;

   d. in violating Plaintiff's constitutional rights;

   e. Failing to follow and adhere to applicable policies, standards, laws, and protocols;

   f. in failing to protect the Plaintiff from specific and known risk of harm; and

   g. in any other manner to be learned through the discovery process and proven at trial.

39. All of these actions, errors, and omissions were carried out by Defendants while acting under the color of state law, in violation of the Plaintiff's clearly established rights afforded by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

40. The facts, even when taken in a light most favorable to Defendants, show that

Squires' conduct violated Plaintiff's federally protected rights.

41.    As a proximate result of the Defendants' unconstitutional conduct, the Plaintiff suffered damages. Plaintiff is entitled to recover actual and punitive damages as determined by a jury, as well as reasonable attorney's fees.

## SECOND CAUSE OF ACTION
### (42 U.S.C. §1983 – State Created Danger – As to Defendant Squires)

42.    Plaintiff reiterates and realleges the preceding paragraphs as if fully set forth herein.

43.    Defendant Squires is liable for his unconstitutional actions in creating the dangerous situation that resulted in Plaintiff suffering damages.

44.    Defendant Squires while acting in his capacity as a Master Sargeant for BCSO created or increased the risk of private danger and did so directly through his affirmative acts.

45.    Defendant squires violated 42 U.S.C. §1983 while acting under color of law and directly created or increased the risk of harm through affirmative acts in the following respects:

   a. There was no need to apprehend Plaintiff;

   b. There was no need to physically assault Plaintiff;

   c. There was no need to point a loaded firearm at Plaintiff;

   d. Squires had no lawful or practical justification for enlisting Defendants John Does 1–5, private civilians whom he directed through hand signals to assist in unlawfully assaulting and restraining the Plaintiff;

   e. There was no threat of harm to Plaintiff until such a threat was created by the actions of Squires;

   f. There was no danger to the Plaintiff until such a danger was created by the actions of Squires;

46.    Plaintiff suffered damages as a direct and proximate result of the danger created

by Defendant Squires.

47. Plaintiff is entitled to recover actual and punitive damages as determined by a jury as well as reasonable attorney's fees.

### THIRD CAUSE OF ACTION
### (Gross Negligence – BCSO)

48. Plaintiff reiterates and realleges the preceding paragraphs as if fully set forth herein.

49. At all times relevant to the allegations herein, Defendant Squires acted as an agent and/or servant of Defendant Beaufort County Sheriff's Office. As a result, under the doctrine of *respondeat superior*, Defendant Beaufort County Sheriff's Office was responsible for the actions of Squires and was liable for any damages proximately resulting from breaches of duty he might commit.

50. At all times relevant to the allegations herein, Defendant Beaufort County Sheriff's Office independently owed a duty to the public to ensure that its deputies were trained and supervised adequately in methods of interviewing suspects and making arrests that would facilitate the detention of individuals while not unnecessarily endangering the health and well-being of those individuals. It was foreseeable that, without ensuring such adequate training and supervision, Defendant's officers would utilize methods of arrest that are unnecessarily violent and that result in severe injuries to those individuals being interviewed and/or arrested.

51. While acting in the capacity as an employee of Defendant Beaufort County Sheriff's Office, Defendant Squires owed a duty to use due care in interviewing suspects and, when necessary, affecting arrests. Defendant Squires violated this duty of due care, and was grossly negligent, in the following particulars:

    a. In negligently, recklessly, willfully and wantonly using excessive force by

      pointing his loaded duty pistol at Plaintiff who had committed no known offense while Plaintiff was unarmed and where there was no clear threat of bodily injury or death;

b. In conducting an illegal search of Plaintiff's person;

c. In conducting himself in an egregious and arbitrary manner without respect to the irreparable damage that could be caused to Plaintiff;

d. In failing to protect the Plaintiff from harm;

e. In creating a danger or an increased risk of harm to Plaintiff through his affirmative acts;

f. In negligently, recklessly, willfully and wantonly using excessive force to detain and arrest Plaintiff;

g. In negligently, recklessly, willfully and wantonly being under the influence of alcohol and attempting or unlawfully arresting Plaintiff;

h. In negligently, recklessly, willfully and wantonly consuming alcoholic beverages while armed in an off-duty capacity and presenting his firearm for an unlawful purpose which was outside of the compliance with the sheriff's office use of force policy;

i. In negligently, recklessly, willfully and wantonly using excessive force, presentation of a firearm, soft hand and hand techniques against Plaintiff without reasonable suspicion or probable cause;

j. In negligently, recklessly, willfully and wantonly taking unlawful action by attempting to arrest and detain juveniles, including Plaintiff, involving a neighborhood dispute where Squires resides without articulable independent

    justification known by him at the time, failing to contact the on duty supervisor of the call and recusing himself from the law enforcement action;

  k. In negligently, recklessly, willfully and wantonly failing to advise dispatch about the event;

  l. In negligently, recklessly, willfully and wantonly failing to activate body camera on Squires' duty vest;

  m. In negligently, recklessly, willfully and wantonly inviting or instructing civilians to participate in the incident and use excessive force to detain and arrest Plaintiff;

  n. In negligently, recklessly, willfully and wantonly violating the operating policies and procedures set by BCSO;

  o. In such other particulars as may be shown at trial.

52. As a direct and proximate result of the negligence of Defendant Squires, Plaintiff suffered injuries. Whereas Squires was, at all times, operating in his capacity as an employee of Defendant Beaufort County Sheriff's Office, under the doctrine of *respondeat superior*, liability for his actions lies with Defendant Beaufort County Sheriff's Office.

53. Defendant Beaufort County Sheriff's Office breached its independent duty to adequately train and supervise its deputies by failing to ensure that Squires utilized methods of arrest that were reasonable. More specifically, Defendant Beaufort County Sheriff's Office failed to train and supervise its officers in a manner that would ensure that unarmed children would not be subjected to potentially lethal methods of arrest. As a direct and proximate result of the independent gross negligence of Beaufort County Sheriff's Office, Plaintiff suffered injuries.

54. As a result of the independent gross negligence of Defendant Beaufort County

Sheriff's Office and the liability of the Department via *respondeat superior*, Plaintiff is entitled to an award of actual and consequential damages from Beaufort County Sheriff's Office including bodily injury, pain and suffering, mental anguish and any other damages supported by evidence at trial.

## FOURTH CAUSE OF ACTION
### (False Imprisonment – BCSO and John Does 1-5)

55. Plaintiff reiterates and realleges the preceding paragraphs as if fully set forth herein.

56. At all times relevant to the allegations herein, Defendant Squires acted as an agent and/or servant of Defendant Beaufort County Sheriff's Office. As a result, under the doctrine of *respondeat superior*, Defendant Beaufort County Sheriff's Office was responsible for the actions of Squires and was liable for any damages proximately resulting from breaches of duty he might commit.

57. Defendants deprived Plaintiff of his personal liberties and freedoms without lawful justification through an unjustified detention and arrest.

58. Probable cause did not exist to arrest Plaintiff and Defendants lacked a good faith belief that Plaintiff was guilty of a crime as would induce an ordinarily prudent and cautious police officer, under the circumstances, to believe likewise.

59. Defendants lacked evidence that Plaintiff had committed a crime or attempted to hinder any officer on scene, interfere, or resist arrest.

60. Defendants willfully, wantonly, carelessly, and recklessly restrained and imprisoned Plaintiff through an unlawful arrest and detention in violation of his established legal rights.

61. Plaintiff is entitled to a judgment against Defendants to compensate him for the damages and injuries sustained and proximately caused by Defendants, including the recovery of

actual, consequential, and compensatory damages in an amount to be determined by a jury.

## FIFTH CAUSE OF ACTION
### (Assault and Battery – BCSO and John Does 1-5)

62. Plaintiff reiterates and realleges the preceding paragraphs as if fully set forth herein.

63. At all times relevant to the allegations herein, Defendant Squires acted as an agent and/or servant of Defendant Beaufort County Sheriff's Office. As a result, under the doctrine of *respondeat superior*, Defendant Beaufort County Sheriff's Office was responsible for the actions of Squires and was liable for any damages proximately resulting from breaches of duty he might commit.

64. Defendants physically assaulted Plaintiff without legal justification.

65. Through the above-mentioned actions, Defendants did intentionally, willfully, and wantonly place Plaintiff in fear of imminent, immediate bodily injury and death.

66. At no time during the events described herein and above, nor at any time prior thereto, did Plaintiff consent to any of Defendant's conduct, physical contact made, or threats of physical harm and contact. Further, Plaintiff did not consent to the open presence of a loaded firearm pointed at him and in his direction.

67. As a direct and proximate result of Defendants' acts and omissions, by and through Squires, along with the actions of John Does 1-5, Plaintiff is informed and believes and therefore alleges that such acts directed towards him were malicious and belligerent, and the acts were done with a conscious disregard of Plaintiff to be free from such tortious behavior, such as to constitute oppression, fraud, or malice, and as such he is entitled to judgment against Defendants for actual and consequential damages in an amount to be determined by a jury.

## SIXTH CAUSE OF ACTION
### (Declaratory Judgment as to Defendant BCSO)
### (State Constitutional Violations of Article I § 10)

68. Plaintiff reiterates and realleges the preceding paragraphs as if fully set forth herein.

69. This cause of action is brought pursuant to the South Carolina Uniform Declaratory Judgments Act, S.C. Code. Ann. § 15-53-10 et seq. and the South Carolina State Constitution, Article I § 23.

70. Article I § 10 of the South Carolina Constitution provides that "the right of the people to be secure in their persons…against unreasonable searches and seizures…shall not be violated, and no warrants shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the…person or thing to be seized." (1970 (56) 2684; 1971 (57) 315.).

71. Defendant BCSO's acts and omissions, through its agents, employees, and representatives, complained of herein constitute a violation of Plaintiff's state constitutional rights under Article I § 10.

72. Plaintiff was in fact subjected to an unreasonable seizure of his person without probable cause, through the acts and omissions of its agents, employees and representatives as complained of herein.

73. Plaintiff is entitled to a judgment that BCSO's complained of acts and omissions had the effect of denying and/or abridging Plaintiff of his state constitutional rights under Article I § 10, Searches and seizures; invasions of privacy.

74. Plaintiff is further entitled to the costs pursuant to S.C. Code Ann. § 15-53-100 and such further relief from Defendant as this Honorable Court deems necessary and proper pursuant to S.C. Code Ann. § 15-53-120.

## **SEVENTH CAUSE OF ACTION**
**(Reckless Infliction of Emotional Distress/Outrage – BCSO and John Does 1-5)**

73. Plaintiff reiterates and realleges the preceding paragraphs as if fully set forth herein.

74. At all times relevant to the allegations herein, Defendant Squires acted as an agent and/or servant of Defendant Beaufort County Sheriff's Office. As a result, under the doctrine of *respondeat superior*, Defendant Beaufort County Sheriff's Office was responsible for the actions of Squires and was liable for any damages proximately resulting from breaches of duty he might commit.

75. Defendant BCSO, through the acts of its agents, employees and representatives, did recklessly inflict severe emotional distress, or was/were certain, or substantially certain, that such distress would result from the acts complained of cumulatively herein.

76. Defendant John Does 1-5 did recklessly inflict severe emotional distress, or was/were certain, or substantially certain, that such distress would result from the acts complained of cumulatively herein.

77. The aforementioned conduct to which Plaintiff was subjected to was so extreme and outrageous so as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community.

78. The actions of Defendants caused Plaintiff's emotional distress which was so severe that no reasonable person could be expected to endure it.

79. As a direct and proximate result of Defendants' reckless infliction of emotional distress on Plaintiff, Plaintiff is entitled to recover compensatory damages against Defendants, and punitive damages against Defendant John Does 1-5, for emotional pain and suffering, as well as other damages deemed appropriate by the trier of fact.

**WHEREFORE,** Plaintiff respectfully prays for judgment against Defendants for actual and punitive damages in such amount as a jury may deem appropriate, along with such other relief to which the Plaintiff may be entitled to and as this Court deems just and proper, including costs.

                BAUER & METRO, PC

                s/   Robert S. Metro
                Robert S. Metro (#12680)
                Rob@bauermetro.com
                Samuel C. Bauer (#7508)
                Sam@bauermetro.com
                Post Office Box 7965
                Hilton Head, SC 29938
                (843) 842-5297
                *Attorneys for Plaintiff*

October 15, 2025
Bluffton, SC